UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

David A. Ballinger,                                                                Case No. 5:10-cv-580

                Petitioner,

v.                                                                **MEMORANDUM AND ORDER**

Florida Attorney General, and
Secretary, Florida Department
of Corrections,

                Respondents.

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  For the reasons that follow, the Petition is denied.

**BACKGROUND**

In 2007, Petitioner David A. Ballinger was convicted of leaving the scene of a crash involving death.  He was sentenced to 15 years in prison.

Ballinger appealed his conviction and sentence.  In the appeal, he argued that the State failed to establish willfulness and thus the trial court erred in denying his motion for judgment of acquittal, that the trial court erred by adding victim injury points to his sentencing score, and that he was sentenced vindictively.  (App'x Ex. D.)  The Florida Fifth District Court of Appeal affirmed per curiam.  Ballinger v. State, 993 So. 2d 975 (table) (Fla. Dist. Ct. App. 2008).  Ballinger then filed for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ballinger's 3.850 motion contended that his trial counsel was

ineffective for failure to present expert testimony that Ballinger suffered head trauma in the accident, that trial counsel was ineffective for failing to subpoena Ballinger's girlfriend, and that trial counsel was ineffective for failing to present evidence that the victim died before Ballinger left the scene of the accident. The trial court denied Ballinger's claims, and the Fifth District Court of Appeal affirmed. Ballinger v. State, 22 So. 3d 88 (table) (Fla. Dist. Ct. App. 2009). Ballinger also filed a habeas petition in the Court of Appeal, claiming ineffective assistance of appellate counsel, for counsel's alleged failure to argue that the trial court erred in allowing the jury to see graphic photographs of the accident. (App'x Ex. 10.) That petition was denied without opinion in June 2010.

The instant Petition was filed in November 2010 and raises seven grounds for relief. In his first and second grounds, Ballinger contends that the trial court and appellate court violated his Fourteenth Amendment rights by failing to correct what he claims was a vindictive sentence. (Pet. at 7.) The third ground claims that the trial court's failure to grant his motion for judgment of acquittal violated Ballinger's Fourteenth Amendment rights. (Id. at 14.) Ballinger's fourth ground for relief contends that his trial counsel was constitutionally ineffective for failing to proffer the testimony of an expert witness regarding the head trauma Ballinger allegedly suffered in the accident. (Id. at 17-19.) The fifth and sixth grounds claim that the trial court and appellate court violated Ballinger's constitutional rights by failing to give him relief from his claims of ineffective assistance of counsel arising out of his counsel's failure to subpoena his girlfriend to testify at trial (fifth ground) and his counsel's failure to present evidence that the victim died before Ballinger left the accident scene

(ground six).  (Id. at 20, 23.)  Finally, in ground seven, Ballinger contends that the trial and appellate courts violated his constitutional rights by failing to give him relief from his claim of ineffective assistance of appellate counsel arising out of his counsel's failure to argue on appeal that the trial court's decision to allow the jury to see graphic photographs of the accident was unfairly prejudicial.  (Id. at 27.)

In his "Response to Respondent's Answer" (Docket No. 11), Ballinger appears to have abandoned all claims save his claim that his trial counsel was ineffective for failing to present evidence of the head trauma Ballinger allegedly suffered in the accident.  Ballinger believes that such evidence would have rebutted the State's burden to prove that he acted willfully in leaving the scene of the accident.  He contends that an evidentiary hearing on this claim.

Given that Ballinger's "Response" does not explicitly relinquish any of the grounds his Petition raises, the Court will discuss all grounds in the Petition.  The Court's analysis, however, will focus on Ballinger's allegations regarding evidence of his head trauma.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts."  Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685,

693 (2002) (citation omitted).  28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct."  Id. § 2254(e)(1).  The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

## A.   Evidentiary Hearing

AEDPA provides that a habeas petitioner is entitled to a hearing only if he can show that his claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ." Id. § 2254(e)(2).

Ballinger argues that the facts underlying his ineffective-assistance-of-counsel claim are sufficient to establish by clear and convincing evidence that the jury would have found

4

him not guilty, because those facts would have proved that as a result of suffering head trauma, his conduct was not willful. (Pet'r's Response (Docket No. 11) at 3.) But as discussed in more detail below, willfulness is not an element of Ballinger's offense of conviction. Thus, it is of no moment whether his counsel presented evidence that he suffered head trauma such that he could not form specific intent, because the jury was not required to find such intent. No evidentiary hearing is warranted here.

**B.      Exhaustion of Remedies**

Section 2254 requires a person in state custody to exhaust his remedies in state court prior to seeking relief in federal court. Id. § 2254(b)(1)(A); see also Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). "The exhaustion requirement is satisfied when the petitioner properly raised the issue in state court, even if the court did not rule on it." Martin v. Sec'y, Dep't of Corr., 262 F. App'x 990, 992 (11th Cir. 2008) (citation omitted). "The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default [that] will bar federal habeas relief." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

The exhaustion requirement requires "a state prisoner to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971). Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus

5

must include reference to a specific federal constitutional guarantee . . . ." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "[T]he same claim must be brought before both the state and federal courts and presented in such a way 'that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation.'" Ramos v. Sec'y, Fla. Dep't of Corr., 441 F. App'x 689, 696 (11th Cir. 2011) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). To fairly present the federal issue to the state courts, the habeas petitioner must have cited a federal source of law in conjunction with his state claim, or cited a case deciding a similar claim on federal grounds, or labeled his claim as a federal claim. Id. (citing Baldwin v. Reese, 541 U.S. 27, 32 (2004)).

It is clear that the first three grounds Petitioner raises here were not exhausted. Petitioner did not mention any federal constitutional basis for any of these claims in his appeal or his state postconviction proceedings. Indeed, Petitioner does not challenge the State's contention that he failed to exhaust his first three claims. Thus, the Court will not examine those claims further.

The State concedes that the fourth through seventh grounds for relief were exhausted. All of these claims contend that Ballinger's trial or appellate counsel were ineffective.

### C.     Ineffective Assistance of Counsel

Ballinger can succeed on his claims only if he can show that the trial court's or appellate court's determination of the facts surrounding his claims was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his trial counsel was ineffective and that it was unreasonable for the court reviewing his claims to conclude otherwise.

"Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair. Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Ballinger bears the burden to prove "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Ballinger "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). Moreover, "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered sound trial strategy' will generally not prove counsel ineffective. Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689).

### 1. Failure to Call Expert Witness

Ballinger contends that his trial attorney should have called as an expert witness a physician who could testify that Ballinger suffered head trauma in the accident and thus could not have formed the intent necessary to willfully flee the scene. Ballinger contends that such evidence would have negated an essential element of the offense, namely that he acted willfully.

According to the Florida Standard Jury Instructions for Criminal Cases, the offense of leaving the scene of a crash involving death has the following elements:

1. Defendant was driver of vehicle involved in a crash resulting in death.

2. Defendant knew or should have known that he was involved in a crash.

3. Defendant knew or should have known of the injury to or death of the victim.

4. Defendant willfully failed to stop at the scene of the crash and remain there until he had given "identifying information" to . . . any police officer investigating the crash or Defendant willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary.

"Willfully" means intentionally and purposely.

Fla. Std. Jury Instr. 28.4.

Despite the standard instruction's use of the word "willfully," it is well settled that the intent required for a conviction under this statute is that driver either knew of the resulting injury or death or reasonably should have known from the nature of the accident. State v. Mancuso, 652 So. 2d 370, 372 (Fla. 1995). Thus, Florida courts have held that the statute does not charge a specific intent crime, and the State was only required to prove "the actual existence of the accident and the victim's injury" and that Ballinger left the scene. Carrada v. State, 919 So. 2d 592, 595 (Fla. Dist. Ct. App. 2006). Contrary to Ballinger's argument, the State was not required to establish that Ballinger left the scene with the specific intent to abandon the victim or to escape responsibility for the accident. Id.

Thus, any evidence that Ballinger suffered head trauma in the accident would not have negated any element of the State's case. Ballinger cannot therefore establish that, but-for his counsel's allegedly erroneous failure to proffer this evidence, he would not have been

convicted, and his ineffective-assistance-of-counsel claim fails.

### 2. Subpoena of Ballinger's Girlfriend

Ballinger's argument with respect to his counsel's failure to subpoena his girlfriend is the same as that discussed above, because Ballinger claims that his girlfriend would have testified that he was disoriented and could not have formed the intent he believes the statute requires.  But as discussed, the statute does not require specific intent and his girlfriend's testimony, even if otherwise admissible, would not have resulted in a different verdict.  This aspect of his ineffective-assistance claim likewise fails.

### 3. Evidence that Victim Died before Ballinger Left Scene

Ballinger appears to challenge his counsel's failure to proffer evidence that the victim died before he left the scene in connection with his argument that the trial court erred adding victim injury points to his sentence.  But as the State points out, Ballinger's trial counsel did argue that the court should not add victim injury points, and appellate counsel raised that issue on appeal.  There was no ineffective assistance of counsel with respect to this issue, and the state courts' resolution of the issue did not unreasonable apply federal law.   This claim fails.

### 4. Ineffective Assistance of Appellate Counsel.

Ballinger's final claim is that his appellate counsel was ineffective for failing to argue on appeal that the trial court erred by denying his motion in limine to prevent the jury from seeing graphic photographs.  But trial counsel waived any objection to those photographs by failing to offer any objection to their admission during the trial.  See Pomeranz v. State, 703

So. 2d 465, 470 (Fla. 1997) ("Failure to object to the admission [of evidence] at the time it is introduced violates the contemporaneous objection rule and waives the issue for appellate review."). Thus, Ballinger's appellate counsel could not have raised the issue on appeal and it was not ineffective assistance for him to fail to do so. This aspect of Ballinger's ineffective-assistance claim fails, and his habeas petition must be dismissed.

**D.     Certificate of Appealability**

Petitioner is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Ballinger has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Ballinger's claims.

**CONCLUSION**

Ballinger has not established that any errors of constitutional magnitude occurred in

the state-court proceedings. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.


Dated:   January 21, 2014   

                 *s/Paul A. Magnuson*   
                Paul A. Magnuson  
                United States District Court Judge